### KIRSCH v. KIRSCH.

(*Common Pleas of New York City and County, General Term.* April 4, 1892.)

1. DIVORCE—APPLICATION FOR ALIMONY.
   An application for alimony and counsel fees is not a special proceeding necessary to be instituted by petition, but may be made on affidavit.
2. SAME.
   An application for alimony will be denied, in an action by a wife for separation on the ground of desertion, where it appears that she had refused without reason to live in a suitable home provided by her husband, and had caused him to be ejected from the home in which they were living, by her son by her former marriage.

Appeal from special term.

Action by Annie Kirsch against Hyman Kirsch for a separation. Defendant appeals from an order directing the payment of alimony and a counsel fee. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Alex. S. Rosenthal*, (*Charles H. Smith*, of counsel,) for appellant. *John E. Brodsky*, for respondent.

DALY, C. J. The first objection made to the order is that it was granted upon a motion based upon an affidavit and order to show cause, and not upon petition; that the order is therefore irregular; and that the judge had no power to make the order to show cause before the proceeding had been instituted by petition. No authority is cited for these propositions, and it does not appear that the objection was taken upon the motion. Irregularity would be waived by failure to make objection in time. But the proceeding was not irregular. Before the incorporation of the practice in divorce cases in the Code of Civil Procedure it was held that the applications for alimony and counsel fee must be instituted by petition, (5 Wait, Pr. 736,) and, since the

Code of Civil Procedure, that practice has continued, but there seems no good reason for holding that application cannot be made upon motion instituted by order to show cause, like any other application in the action. The order for alimony and counsel fee is an order made in the action, and not a separate special proceeding, to be necessarily instituted by petition.

But, on the merits of the motion, I think the defendant should have prevailed. The complaint alleges neglect and refusal to provide for his wife, and abandonment. It is not contradicted that he took and furnished three rooms for her at 97 Orchard street in May, 1891, and invited her to live with him there, which she refused to do. No reason is given by her for such refusal. It is not shown that it is unsafe or improper for her to live with him. It would seem that she prefers to reside with her son by a former marriage, who keeps a shop in Willett street. She left her former residence with defendant in Delancey street to go and live with that son, and while there the defendant contributed to her expenses, but he was summoned before the police justice at the Essex Market police court on May 7, 1891, for non-support. It was then decided by the justice that he should provide a home for her, and pursuant to that order he hired the apartments in Orchard street, to which she has refused to go. As to the alleged abandonment, the complaint gives the date as June 13, 1890. No particulars of this act are stated in her affidavit. On the contrary, it appears from the affidavit of their son that his parents lived together at Willett street for some period before June 11, 1891, at which date the plaintiff caused the defendant to be ejected from the house, which was done by the step-son. There is no denial of this fact. The papers do not show a refusal to support the plaintiff, nor abandonment by the defendant at the time of the commencement of this action. Order reversed, and motion denied, without costs.

All concur.